THOMAS C. HORNE
ATTORNEY GENERAL

JONATHAN WEISBARD (012011)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8622
Fax:  (602) 542-3393
DefensePhx@azag.gov
Jonathan.Weisbard@azag.gov

*Attorneys for Defendants State of Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Rode, a single woman,<br><br>          Plaintiff,<br><br>     vs.<br><br>Warden Ron and Jane Doe Credio, husband and wife; Deputy Warden Edwin Lao and Jane Doe Lao, husband and wife; Capt. Dorinda and John Hayes, husband and wife; Lt. Gilberto and Jane Doe Robles, husband and wife; Phyllis and John Doe Wiggin, husband and wife; Jacob Harvey, a single man; Corizon Health, Inc., a Delaware Corporation; Corizon, Inc., a Missouri Corporation; Corizon LLC, a Missouri Limited Liability Company<br><br>          Defendants. | Case No: 2:14-cv-02354-SRB<br><br>**STATE DEFENDANTS'<br>MOTION TO DISMISS**<br><br>(Oral Argument Requested) |

Defendants Ron Credio, Edwin Lao, Dorinda and John Hayes, Gilberto Robles and Phyllis Wiggin ("State Defendants" or "Defendants") respectfully submit their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) Arizona Rules of Civil Procedure because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  After amending her Complaint, Plaintiff has demonstrated that she cannot allege facts sufficient to satisfy the requirements of this Circuit in order to maintain a §1983 claim against the individual Arizona Department of Correction (ADOC) employees for creating the danger that allowed for her to be assaulted.  The requirements

1

for maintaining such a claim are set forth in *LW v. Grubbs, 92 F 3d 894 (9th Cir., 1996)*. In addition, Plaintiff's Complaint should be dismissed because, with the exception of Defendant Wiggin, Plaintiff fails to make specific allegations of constitutional violations against each individual defendant and, with respect to Wiggin, the claim does not even come close to a constitutional violation that would allow Plaintiff to sustain a § 1983 claim.

**I. Introduction**

This case involves the January 30, 2014 sexual assault of Plaintiff Christine Rode by inmate/defendant Jacob Harvey. The assault took place at the Arizona State Prison Complex – Eyman. Initially, Plaintiff filed a Complaint making a federal 1983 claim against certain ADOC employees, as well as a state law claim against the State of Arizona. After discussion between counsel with respect to Arizona's worker's compensation laws and the exclusive remedy provision, Plaintiff dropped the state law claim, but still maintains a § 1983 claim against various ADOC employees.[1]

This is a unique case in that it involves a non-custodial § 1983 claim. The Ninth Circuit Court of Appeals has recognized that as a general rule, members of the public have no constitutional right to sue state employees who fail to protect them against harm inflicted by third parties. *DeShaney v. Winnebago County Dep't of Social Services, 489 US 189 (1989)*. The only exceptions to that general rule are where Plaintiff can show a "special relationship" or Plaintiff can meet the "danger creation" exception. There is no special relationship alleged in this action. Rather, Plaintiff attempts to allege the "danger creation" exception in her Amended Complaint. As set forth below, pursuant to the relevant case law of this circuit, Plaintiff cannot meet the standard for the application of this exception.

///

---

[1] Defendants assert that the federal claim is a desparate attempt to find a claim that is not barred by the exclusive remedy provision.

2

**II. Applicable law**

Defendants assert, and believe Plaintiff will agree, that this Motion should largely be considered pursuant to the analysis set forth in *LW v. Grubbs, 92 F 3d 894 (9th Cir., 1996)*. The case involved a claim by a nurse at a medium security custodial institution against her supervisors under § 1983, arising out of a situation in which she was attacked when an inmate attempted to rape her. The decision was preceded by an earlier decision by the court in the same matter, *LW v. Grubbs 974 F 2d 119 (9th Cir., 1992)*. The later *Grubbs* decision did not overturn or reject any of the reasoning in the first decision, but rather provided more "clarity" with respect to "the legal principles by which the government's supervisory employees become liable for damages caused by third parties to.. victims who seek money damages under § 1983."
92 F 3d at 896.

The initial *Grubbs* decision discussed the "danger creation" basis for a claim which "involves affirmative conduct on the part of the State in placing the Plaintiff in danger." See *Wood v. Ostrander, 879 F 2d 583, 588-90 (9th Cir., 1989)*. Both *Grubbs* decisions discuss the necessity of demonstrating deliberate indifference with respect to the danger creation exception. The Court recognized that nothing less than deliberate indifference would be enough to submit the case to a jury. *92 F 3d at 896*. With respect to "deliberate indifference" the Court noted:

> This deliberate indifference standard is also very different from the gross negligence instruction… because it requires that the Defendant have actual knowledge of, or willfully ignore, impending harm.

92 F 3d at 900.

The Court concluded, of paramount importance to the instant action, that:

> … in order to establish § 1983 liability in an action against a State official for an injury to a prison employee caused by an inmate, the Plaintiff must show that the State official participated in creating a dangerous condition, and acted with deliberate indifference to the known or obvious danger in subjecting the Plaintiff to it. Only if the State official was

3

>deliberately indifferent does the analysis then proceed further to decide whether the conduct amounts to a constitutional violation.

Id.

As this Court has also recognized, to demonstrate deliberate indifference, the Plaintiff must show that the prison official acted with a "sufficiently culpable state of mind". As set forth in *Farmer v. Brennan, 511 US 825, 835 (1994),* "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."

As set forth below, Plaintiff's Amended Complaint in this case demonstrates that they cannot satisfy the requirement of showing deliberate indifference with respect to the danger creation exception.

### III. The allegations in Plaintiff's Amended Complaint, even if accepted as true, do not demonstrate deliberate indifference and the creation of danger

Plaintiff's Amended Complaint, broken down, essentially alleges that the "correction defendants" improperly directed Plaintiff to use a classroom that was not sufficiently monitored (See paragraphs 28-39 of Plaintiff's First Amended Complaint), and that the "defendants" did not properly react to Plaintiff being attacked. (See paragraphs 40-68 of Plaintiff's First Amended Complaint.) Also, Plaintiff alleges that Defendant Wiggin improperly assigned Defendant Harvey to a medium-custody unit, rather than maintaining inmate Harvey in close-custody. (See paragraphs 72-79 of Plaintiff's First Amended Complaint.) With respect to the claim that the "correction defendants" assigned Plaintiff to use a classroom that was not properly monitored, there is no allegation that any of the defendants were aware of the likelihood of harm to the Plaintiff, much less that any of the defendants were "aware of facts from which the inference of harm could be drawn." There is also no allegation that any defendant actually drew an inference that a substantial risk of serious harm to Plaintiff existed. This, in itself, establishes that Plaintiff cannot satisfy the requirements of *Farmer v. Brennan*. There is no allegation that any of the individual defendants even knew that

4

1  inmate Harvey was in the class or that Harvey presented any type of imminent threat to
2  Plaintiff.
3        The allegations in Plaintiff's Amended Complaint are not close to those faced by
4  the Court in *Wood v. Ostrander, 879 F 2d 583 (9th Cir., 1989).* In that case, the
5  defendant officer stopped the car in which Plaintiff was riding, arrested and removed the
6  driver, impounded the car and left the Plaintiff stranded in a high crime area. She was
7  subsequently raped. The Plaintiff in *Wood* was a civilian, entirely unaccustomed to
8  being in a high crime area. Here, Plaintiff is an ADOC employee who routinely worked
9  at the prison complex. By being placed in a classroom at the complex, the officers were
10 not placing Plaintiff in any type of situation that she would not normally face. The risk
11 of harm, including assault, always existed at a prison like Eyman. Importantly,
12 Plaintiff's Amended Complaint does not even specifically allege that any of the
13 individual defendants was responsible for assigning Plaintiff to utilize classroom 2 in the
14 Meadows Unit.
15       With respect to the allegations that the "defendants" did not properly respond to
16 the attack, Plaintiff does not specifically allege that any of the defendants were
17 responsible for her radio being on the wrong channel. Moreover, Plaintiff's Amended
18 Complaint does not allege that any of the individual defendants were responsible for
19 Plaintiff herself allowing Defendant Harvey to remain behind, leaving her alone with
20 Plaintiff. Plaintiff alleges that it took more time than it should have for officers to
21 respond, but does not allege that Plaintiff was injured any further as a result. (See
22 paragraphs 59-64 of Plaintiff's First Amended Complaint.)
23       Finally, with respect to the only claim that was directed against a specific
24 defendant, Wiggin, the allegation is simply that Defendant Wiggin moved Harvey to
25 medium custody rather than keeping him in close custody. In no way could this
26 allegation satisfy the requirements set forth in *LW v. Grubbs, supra.* There is no
27 reasonable way that assigning Harvey to a medium custody unit by itself could be
28 construed as "deliberately indifferent" in creating a dangerous situation that allowed for

the assault of Plaintiff on January 30, 2014.  To allow the claim to go forward with respect to Defendant Wiggin would essentially open the door for a § 1983 claim of this nature virtually any time an employee is assaulted by an inmate.  It is likely that the subjective decision of how to classify an inmate could always be challenged in some manner following an assault.  Of course, Defendant Wiggin had nothing to do with placing Plaintiff in danger on the day she was assaulted.

As set forth in *Grubbs, supra,* in order to maintain her action, Plaintiff must show that the defendants had "actual knowledge of, or willfully ignored, impending harm." Here, Plaintiff has attempted to recast absolutely routine prison events.  Aside from Defendant Wiggin, there is no specific allegation that any particular defendant acted with deliberate indifference as defined by the Ninth Circuit or by the United States Supreme Court, nor that any defendant affirmatively created a dangerous situation with knowledge of impending harm.  As repeatedly held by this circuit, a Plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant; and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode, 423 US 362, 371-72, 377 (1976); King v. Atiyeh, 814 F 2d 565- 568 (9th Cir., 1987).*  A complaint must allege specific facts upon which a plaintiff relies in claiming the liability of **each defendant**. *Ivy v. Bd. of Regents, 673 F 2d 266, 268 (9th Cir., 1982).*

### IV. Conclusion

For the foregoing reasons, each of the State defendants respectfully requests the Court to issue its Order dismissing Plaintiff's First Amended Complaint with prejudice.

RESPECTFULLY SUBMITTED, this 19th day of December, 2014.

THOMAS C. HORNE
Attorney General

/s/Jonathan Weisbard
JONATHAN WEISBARD
Assistant Attorney General
*Attorney for Defendant State of Arizona*

6

## CERTIFICATE OF MAILING

I hereby certify that on December 19, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants:

Scott H. Zwillinger
Goldman & Zwillinger, PLLC
7047 E. Greenway Parkway, Suite 150
Scottsdale, AZ 85254
*Attorney for Plaintiff*

Ellen Levy
Renaud Cook Drury Mesaros, PA
One North Central, Suite 900
Phoenix, AZ 85004-4117
*Attorney for Corizon*

Pursuant to Section II.D.3 of the U.S. District Court for Arizona Electronic Case Filing Administrative Policies and Procedures Manual, a courtesy copy of this document was mailed on December 19, 2014, by First Class Mail to:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, AZ 85003-2153

By /s/ Casey Delisa
LMS14-0352/RSK:G14-01449/HDM#4264475