MARK BRNOVICH
ATTORNEY GENERAL

JONATHAN WEISBARD (012011)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8622
Fax:  (602) 542-3393
DefensePhx@azag.gov
Jonathan.Weisbard@azag.gov

*Attorneys for Defendants State of Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Christine Rode, a single woman, | Case No: 2:14-cv-02354-SRB |
|---|---|
| Plaintiff, | |
| vs. | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Warden Ron and Jane Doe Credio, husband and wife; Deputy Warden Edwin Lao and Jane Doe Lao, husband and wife; Capt. Dorinda and John Hayes, husband and wife; Lt. Gilberto and Jane Doe Robles, husband and wife; Phyllis and John Doe Wiggin, husband and wife; Jacob Harvey, a single man; Corizon Health, Inc., a Delaware Corporation; Corizon, Inc., a Missouri Corporation; Corizon LLC, a Missouri Limited Liability Company | (Oral Argument 02/02/15 at 10:30 a.m.) |
| Defendants. | |

Defendants Ron Credio, Edwin Lao, Dorinda and John Hayes, Gilberto Robles and Phyllis Wiggin ("State Defendants" or "Defendants") respectfully submit their Reply in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) Arizona Rules of Civil Procedure. Even after amending her Complaint, Plaintiff still has not set forth a cognizable §1983 claim against the State Defendants. A fundamental problem with Plaintiff's Amended Complaint is that its most critical allegations are not directed at any specific individual defendant in this case. Further, it is critical for the Court to bear in mind that this lawsuit is being advanced by an employee, not an inmate.

This is especially important considering Plaintiff's repeated allegation that the "dangerous situation" allegedly created by the State Defendants was "known and obvious." Additionally, it is critical that the harm took place in a classroom according to Plaintiff's own allegation. Plaintiff was not left stranded by the side of a road in a dangerous neighborhood, but rather, was attacked in a room where an education employee such as herself, would have found herself on any routine day.[1]

### I. The critical allegations in Plaintiff's Complaint are not attributed to any specific defendant.

As set forth in the State Defendant's Motion to Dismiss, a §1983 Complaint must allege specific facts upon which a Plaintiff relies in claiming the liability of <u>each defendant</u>. *Ivy v. Bd. of Regents* 673 F 2d 266, 268 (9th Cir. 1982). In other words, in seeking relief pursuant to §1983, this Circuit has repeatedly held that a Plaintiff must allege that a specific injury was suffered as a result of the conduct of a <u>particular defendant</u> and there must be an allegation of an affirmative link between the injury and the conduct of that defendant. (State Defendant's Motion at 6.)

Here, even after amending her Complaint, it is extremely telling that Plaintiff is unwilling to specifically assign blame for allegedly being directed to classroom two rather than the visitation area she claims to have usually used. Rather, the Amended Complaint, evasively, simply states that "Christine was told" to utilize classroom two in the Meadows Unit. This simply does not suffice. It is the launching off point for the rest of Plaintiff's claim as to how the assault occurred and it is not attributed to any defendant. And, it is absolutely illogical for Plaintiff to assert that only the defendants have knowledge of who told Plaintiff which classroom to use. Presumably, Plaintiff knows how she ended up in classroom two rather than visitation. However it actually occurred, no specific defendant named in this lawsuit is alleged to have told Plaintiff to use classroom two rather than visitation.

---

[1] This final fact does not convert the Defendant's motion into a motion for summary judgment but rather, is simply a conclusion that can be drawn by the Court based upon the bare allegation that Plaintiff was attacked in "classroom two."

Likewise, for Plaintiff to simply state that various defendants had jobs in security and these defendants somehow collectively failed to protect Plaintiff does not suffice pursuant to the case law set forth above.  Plaintiff was an employee, not an inmate.  Yet there is nothing in the Amended Complaint describing any attempt by Plaintiff to suggest that she was concerned with the lack of security, the design of the classroom with respect to its windows or the fact that there was not, continually, an officer present in classroom two.

Further, it is not, as Plaintiff condescendingly argues, "somewhat bizarre" for the defendants to point out that no specific defendant is blamed for Plaintiff finding herself alone with inmate Harvey.  What the State Defendants are demonstrating is that at the critical points along the timeline of the events leading to the attack, according to Plaintiff's own Complaint, no defendant is tied to the most important allegations.  The Court cannot conclude that the Amended Complaint states a valid claim for creating a dangerous situation pursuant to the requirements set forth in *Grubbs*, when no specific defendant is even named with respect to Plaintiff going to classroom two and ending up alone with inmate Harvey.

**II. Plaintiff cannot support a §1983 claim where under her own allegations the "dangerous situation" would have been known and obvious to her.**

Repeatedly in her Amended Complaint and then in Plaintiff's Response to the Motion to Dismiss, Plaintiff states that the dangerous situation allegedly created by the State Defendants was "known and obvious."  The problem with Plaintiff's repeated allegation in this regard is that it is impossible to conclude that such a dangerous situation would have been known and obvious to the defendants without also being known and obvious to the Plaintiff, a teacher who worked on a daily basis in the same environment as the defendants.  What Plaintiff would have this Court believe is that it was obvious to all of the State Defendants that Plaintiff was being placed in an incredibly dangerous situation while she, herself, was oblivious to the danger.  Plaintiff's status as an ADOC employee absolutely distinguishes this case from, for example, *Wood*

*v. Ostrander, 879 F 2d 583 (9th Cir. 1989)* where there was an issue of fact as to the communication between the officer and the Plaintiff, who was left by the side of the road in a dangerous neighborhood.  In the instant case, there is no allegation that Plaintiff had any concern about being in classroom two, or, that any type of unusual danger was presented by being in that classroom with the inmates.  By contrast, in the *Wood* case the danger of the neighborhood was known to both the defendant police officer and the Plaintiff, with the Plaintiff unable to do anything to ameliorate the situation.  Here, Plaintiff wants to create an artificial impression that the ADOC officers knew she was in danger, but she did not know.  It makes no sense.  Of course if Plaintiff did appreciate the danger of her situation, as an employee, she could have done something about it.  On the other hand if neither she nor the ADOC officers believed she was in imminent danger, she cannot sustain her §1983 claim.  The only way forward for Plaintiff as an employee, is to make the nonsensical claim that they knew she was in danger of being attacked, but she had no basis to know the same thing.

**III. Defendant Wiggin**

As set forth in the State's motion, the only allegation that is actually directed against a specific individual is the claim that Defendant Wiggin ignored recommendations with respect to inmate Harvey's classification.  However, even accepting Plaintiff's allegation as true, there is no claim that Defendant Wiggin placed Plaintiff in a specific position of danger on the day she was assaulted.  What Plaintiff's allegation against Defendant Wiggin would do is open the door to a §1983 claim against any employee in Defendant Wiggin's position where an inmate assaults another employee following a classification decision.  This would be true regardless of the temporal relationship between the attack and the classification decision.  The State Defendants respectfully submit that none of the cases dealing with this type of claim, where an employee is bringing a §1983 action, support a claim against a defendant in Wiggin's position. Rather, the cases deal with defendants or actors who were directly involved with respect to Plaintiff's physical situation.  For example, in the *Wood* case,

the defendant was the police officer who left Wood by the side of the road. Therefore, although a specific allegation has been made against Defendant Wiggin, the claim itself is improper. Simply by making a classification decision, Wiggins has not done something that meets the requirement of the *Grubbs* decision with respect to the creation of a dangerous situation.

**Conclusion**

What Plaintiff's Amended Complaint really alleges is that on a particular day, Plaintiff ended up conducting her class in a smaller classroom than the visitation area she generally used. With respect to this claim, which is critical in Plaintiff's Complaint, there is no specific allegation that any of the individual defendants directed or mandated that Plaintiff utilize this classroom. Further, there is no specific allegation that any of the State Defendants were responsible for Plaintiff finding herself alone with inmate Harvey. Although Plaintiff repeatedly claims that the scenario was "obviously dangerous", there is no indication that Plaintiff, who was an employee at the same unit as the defendants, had any concerns herself about the situation. It is therefore hard to reconcile Plaintiff's claim that the State Defendants should have been alarmed. Even accepting Plaintiff's allegations, there is no specificity as is required, against the individual defendants and the allegations do not meet the requirements of the *Grubbs* cases and the other precedent cited by the parties. Therefore, the State Defendants respectfully request the Court to issue its Order granting their Motion to Dismiss Plaintiff's claim with prejudice.

RESPECTFULLY SUBMITTED, this 14th day of January, 2015.

MARK BRNOVICH
Attorney General

/s/Jonathan Weisbard
JONATHAN WEISBARD
Assistant Attorney General
*Attorney for Defendant State of Arizona*

<u>CERTIFICATE OF MAILING</u>

I hereby certify that on January 14, 2015, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants:

Scott H. Zwillinger
Goldman & Zwillinger, PLLC
7047 E. Greenway Parkway, Suite 150
Scottsdale, AZ 85254
*Attorney for Plaintiff*

Ellen Levy
Renaud Cook Drury Mesaros, PA
One North Central, Suite 900
Phoenix, AZ 85004-4117
*Attorney for Corizon*

Pursuant to Section II.D.3 of the U.S. District Court for Arizona Electronic Case Filing Administrative Policies and Procedures Manual, a courtesy copy of this document was mailed on January 14, 2015, by First Class Mail to:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, AZ 85003-2153


By /s/ Casey Delisa
LMS14-0352/RSK:G14-01449/HDM#4292686